UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.: 1:14-cr-214 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 1198, 1223] |
| v. | : |  |
| MARK A. MAKUPSON, | : |  |
| Defendant, | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Mark A. Makupson, an FCI Butner inmate serving a 160-month sentence, moves for 18 U.S.C. § 3582(c) compassionate release. Makupson claims his COVID-19 exposure risk, recent sentencing reforms, and errors in his criminal proceedings justify early release.[1] For the reasons stated below, this Court **DENIES** Makupson's motion.

## I. BACKGROUND

On June 18, 2014, Makupson was indicted for his leadership role in a multi-state heroin and cocaine trafficking conspiracy.[2] Makupson faced a then-applicable 20-year mandatory minimum sentence and a 360-months-to-life Federal Sentencing Guidelines range. On October 13, 2015, this Court sentenced Makupson to 160 months' imprisonment.[3]

---

[1] Doc. 1198.
[2] Doc. 1.
[3] Doc. 861.

Case No. 1:14-cr-214
Gwin, J.

Makupson has been in custody since his June 26, 2014 arrest and has a June 2, 2026 projected release date, meaning Makupson has served 84 months and still has a 59-month sentence balance with good behavior credit.[4]

On January 4, 2021, Makupson moved *pro se* for compassionate release, claiming COVID-19 exposure risk, his asthma, intervening federal drug sentencing reforms, and errors in his criminal proceedings justify his early release.[5]

On April 17, 2021, Makupson supplemented his motion through counsel, arguing that he pled guilty expecting that the government would move post-sentencing to reduce his sentence under Federal Rule of Criminal Procedure 35.[6] The government opposes.[7] The Court now turns to Makupson's compassionate release motion.

## II.  LEGAL STANDARD

A. *Exhaustion*

The Court may grant a sentence reduction upon defendant's motion filed at least 30 days after the defendant petitioned their facility's warden for release.[8] On May 20, 2020, Makupson requested compassionate release from FCI Butner's warden.[9] On January 4, 2021,

---

[4] Doc. 453 at 1; Doc.1231 at 6.
[5] Doc. 1198.
[6] Doc. 1223.
[7] Doc. 1231.
[8] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[9] Doc. 1231-3.

Case No. 1:14-cr-214
Gwin, J.

Makupson filed his compassionate release motion with this Court.[10] Makupson satisfies 18 U.S.C. § 3582(c)(1)(A)'s 30-day exhaustion requirement.

### B. *Eligibility*

To grant compassionate release, the Court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[11] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[12] Presently, there are no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[13]

### III. DISCUSSION

First, Makupson's complaints about errors in his criminal proceedings are not fair game here. Outside of the short direct appeal window, the proper mechanism for challenging a federal criminal sentence is a 28 U.S.C. § 2255 motion.[14]

Generally, 28 U.S.C. § 2255 motions must be filed within one year of either **(1)** "the date on which the judgment of conviction becomes final" or **(2)** a later "date on which the facts supporting the [defendant's] claim or claims . . . could have been discovered" with reasonable diligence.[15]

---

[10] Doc. 1198.
[11] *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[12] *Id.* (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).
[13] *See id.* at 519.
[14] 28 U.S.C. § 2255; See Braggs v. Perez, 42 F. App'x 678, 679 (6th Cir. 2002) ("[W]here [ ] a federal prisoner seeks to challenge the imposition of his sentence . . . he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court.") (internal quotation marks omitted) (internal citations omitted).
[15] 28 U.S.C. § 2255(f).

Case No. 1:14-cr-214
Gwin, J.

Makupson's motion, even if it were properly framed, comes far too late. This Court sentenced Makupson more than five years ago. Makupson did not appeal, making his criminal judgment final shortly thereafter.[16]

As for the second § 2255 time limitation, Makupson argues that he did not learn of the government's intention not to file a Rule 35 sentence reduction motion until long after his sentence was imposed. Even so, Rule 35 generally requires any government sentence reduction motion to be "made within one year of sentencing." Makupson was sentenced on October 13, 2015. He should have appreciated by October 13, 2016, that the government would not move to reduce his sentence.

Moreover, the government receives substantial discretion whether to file a Rule 35 motion; and it receives substantial discretion regarding what, if any, level reduction should be asked for.

But even assuming this claim could prevail in a properly made § 2255 motion, Makupson still waited more than four years before challenging his sentence.[17] Accordingly, Makupson's claims fall well outside 28 U.S.C. § 2255's one-year limitations period.

As for Makupson's appropriate compassionate release arguments, Makupson's COVID-19 exposure risk is not an "extraordinary and compelling" circumstance. Though Makupson's asthma is a COVID-19 risk factor, FCI Butner has no active cases of COVID-

---

[16] *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) ("[W]hen a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired[.]") (citations omitted).

[17] U.S. Department of Justice, *Former Easter Cleveland detective sentenced to nearly six years in prison, last of three corrupt officers sent to prison*, https://www.justice.gov/usao-ndoh/pr/former-east-cleveland-detective-sentenced-nearly-six-years-prison-last-three-corrupt (Apr. 19, 2016).

19.[18] Further, whatever risk Makupson faces is largely due to Makupson refusing the Pfizer COVID-19 vaccine.[19] Makupson's COVID-19 vaccine refusal undercuts his claim that he faces a serious COVID-19 risk.

The 18 U.S.C. § 3553 sentencing factors also weigh against Makupson's release. Having already been convicted of several felonies, Makupson was sentenced in this case for his role as the ringleader of a large heroin and cocaine trafficking conspiracy.

Though Makupson's 160-month sentence is significant, it is far short of what the Court could have imposed. Makupson's base offense level 41 together with his criminal history category VI produced a 360-months-to-life Guidelines range.[20]

Nevertheless, at sentencing, the Court granted Makupson significant leniency, granting a three-level acceptance of responsibility reduction.[21] But even then, Makupson faced a much longer Guideline sentence recommendation. This Court then varied downward and imposed a 160-month sentence, significantly lower than the reduced Guidelines range.

Makupson is just over halfway through this significantly reduced sentence. Further, Makupson poses considerable recidivism risk, as he entered the present drug conspiracy only a month after he was released from a four-year drug sentence.[22] Releasing Makupson at this time would not adequately protect the public, reflect the seriousness of Makupson's offense, provide just punishment for it, or promote respect for the law.[23]

---

[18] Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited July 7, 2021).
[19] Doc. 1231 at 20, 61 and 68.
[20] *Id.* at 29.
[21] Doc. 1231-6 at 6.
[22] Doc. 453 at 26.
[23] 18 U.S.C. § 3553(a).

Case No. 1:14-cr-214
Gwin, J.

## IV. CONCLUSION

For these reasons, the court **DENIES** Makupson's compassionate release motion.

IT IS SO ORDERED.

Dated: July 7, 2021                            *s/    James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE