UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00214-1 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 1281, 1349] |
| v. | : | |
| | : | |
| MARK A. MAKUPSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In 2015, Mark Makupson pleaded guilty to two counts related to Makupson's leadership role in a narcotics-distribution conspiracy.  Both counts carried statutory mandatory-minimum 20-year sentences.  Based on the offense and Makupson's significant criminal history, the Sentencing Guidelines recommended a 210-to-262-month sentence.[1]

This Court sentenced Makupson to 160 months' incarceration.[2]

Now, Makupson attacks his sentence's length on two fronts.  First, Makupson asks the Court's leave to file a sealed motion under 28 U.S.C. § 2255 to vacate, set aside, or reduce Makupson's sentence.  Second, Makupson asks the Court for a second time to reduce his prison term under the compassionate-release statute.[3]  For the reasons explained below, the Court **GRANTS** Makupson's motion to file a § 2255 motion under seal and **DENIES** Makupson's compassionate-release motion.

### I.    Motion to File a Sealed § 2255 Motion

In July 2021, the Court denied Makupson's first compassionate-release motion as

---

[1] Doc. 970 at 6 (PageID 6019).
[2] *Id.* at 19 (PageID 6032).
[3] 18 U.S.C. §3582(c)(1)(A).

Case No. 1:14-cv-214-1
GWIN, J.

meritless.[4]   The Court noted that any claims of errors during Makupson's proceedings

belonged in a collateral attack under § 2255, rather than a compassionate-release motion.[5]

But the Court observed that the one-year window to file a § 2255 motion had long-since

expired.[6]

Now, Makupson asks for leave to file a sealed, first § 2255 motion.  Makupson says

he can show under seal why his § 2255 motion qualifies for a tolling exception to the one-

year time limit.  Because the Court could consider a properly tolled, first § 2255 motion, the

Court will permit Makupson to file a § 2255 motion under seal.

The Court notes, however, that Makupson waived nearly all his rights to appeal or

collaterally attack his conviction and sentence.[7]  So, Makupson should confine any § 2255

motion to the narrow set of issues Makupson did not waive.

## II.    Second Compassionate-Release Motion

Next, Makupson again asks the Court for relief under the compassionate-release

statute.[8]  The compassionate-release statute requires an inmate to show extraordinary-and-

compelling reasons for his early release.[9]   And the Court must find that the statutory

sentencing factors weigh in favor of early release.

---

[4] Doc. 1277.
[5] *Id.* at 3 (PageID 8033).
[6] *Id.* at 4 (PageID 8034).
[7] Doc. 302 (sealed).
[8] Makupson says his 2020 administrative requests, which preceded his first compassionate-release motion, satisfies the exhaustion requirement for this second compassionate-release motion.  This Court disagrees.  To the extent that Makupson gives new reasons for his release, he must first present those reasons to the BOP.  *See* United States v. Alam, 960 F.3d 831, 833-34 (6th Cir. 2020) (The statute "implement[s] an orderly system for reviewing compassionate-release applications, not one that incentivizes line jumping.").  Still, the exhaustion requirement creates a forfeitable-or-waivable claim-processing rule, not a jurisdictional requirement.  *Id.* at 833.  And the Government does not ask the Court to dismiss Makupson's motion based on Makupson's failure to exhaust.  So, because the Government forfeited any exhaustion argument, the Court must look past Makupson's failure to exhaust and reach the motion's merits.
[9] 18 U.S.C. 3582(e).

Case No. 1:14-cv-214-1
GWIN, J.

## A.     Extraordinary & Compelling Reasons

As this Court explained when it denied Makupson's first compassionate-release motion, "Makupson's complaints about errors in his criminal proceedings are not fair game here."[10]  Instead, Makupson must argue any purported error in a § 2255 motion.

Turning to Makupson's properly presented arguments, the Court finds no extraordinary-and-compelling reasons for early release.

*COVID-19.*  First, Makupson says the COVID-19 pandemic coupled with Makupson's asthma justifies early release.  But when an inmate can access and benefit from the COVID-19 vaccines, the pandemic no longer presents extraordinary-and-compelling circumstances.[11]

Makupson has received two doses of the COVID-19 vaccine.[12]  Further, Makupson's full recovery from any COVID-19 illness and the absence of any asthma diagnosis in Makupson's medical records[13] undercut any argument that Makupson faces an abnormally high risk of serious complications.  So, COVID-19 does not justify Makupson's early release.

*Sentencing-Law Changes.*  Next, Makupson argues that under today's sentencing laws, Makupson's prior drug felonies would no longer qualify Makupson for certain sentencing enhancements.  But district courts in this circuit cannot consider nonretroactive sentencing-law changes when deciding whether extraordinary-and-compelling reasons exist to grant early release.[14]

---

[10] Doc. 1277 at 3 (PageID 8033).

[11] United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.").

[12] Doc. 1354-2 (sealed).

[13] *See* Doc. 1354-1 at 27–29 (PageID 8557–59) (sealed) (showing no current COVID-19-related symptoms and no asthma diagnosis).

[14] *See* United States v. McCall, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc).  Further, to the extent that Makupson asks the Court to resentence him under current law because the "enhancement affects [Makupson's] PATTERN scoring" and

Case No. 1:14-cv-214-1
GWIN, J.

*Presidential Statement.* Finally, Makupson argues that the Court should find that President Biden's statement[15] urging states to pardon marijuana-possession offenses provides an extraordinary-and-compelling reason to shorten Makupson's incarceration. Makupson says that if Ohio pardoned his four marijuana-possession convictions, and if the Court then recalculated his criminal history, Makupson's criminal-history category would decrease. So, Makupson argues, this hypothetical criminal-history-calculation disparity creates an extraordinary-and-compelling reason to shorten his prison term.

But even if Ohio had pardoned Makupson's marijuana convictions (it has not), Makupson's current sentence is still lower than the bottom end of his proposed guidelines range.[16] Moreover, district courts retain the discretion to sentence above or below any recommended guidelines range.[17] So, nothing about President Biden's statement presents an extraordinary-and-compelling reason to release Makupson early.

## B. Sentencing Factors

Because Makupson offers no extraordinary-and-compelling reason for early release, the Court need not consider the statutory sentencing factors under 18 U.S.C. § 3553(a).[18] Still, the Court will briefly address why, even if Makupson gave qualifying reasons, the sentencing factors weigh heavily against any early release.

*Offense & Guidelines Recommendation.* Makupson committed a significant offense,

---

"decreases [Makupson's] chance of ... early release," compassionate release does not authorize the relief Makupson seeks. Rather than authorizing resentencing, the compassionate-release statute permits courts only to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In other words, "a compassionate release petitioner argues that, although his sentence is lawful, other unrelated factors ... counsel in favor of early release." *McCall*, 56 F.4th at 1058.

[15] *Statement from President Biden on Marijuana Reform*, WHITE HOUSE (Oct. 6, 2022), https://www.whitehouse.gov/briefing-room/statements-releases/2022/10/06/statement-from-president-biden-on-marijuana-reform/.

[16] The Court set Makupson's offense level at 32. The applicable guidelines range for an offense level 32 and criminal-history category V is 188–235 months. U.S.S.G. Ch. 5 Pt. A.

[17] United States v. Booker, 543 U.S. 220, 245 (2005).

[18] *See* United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Case No. 1:14-cv-214-1
GWIN, J.

leading a conspiracy to possess with intent to distribute at least 30 kilograms of heroin, a kilogram of powder cocaine, and 280 grams of crack cocaine.[19]  Based on the offense and Makupson's criminal history, the guidelines suggested a 210-to-262-month sentence.

*Personal History & Characteristics.*  Little in the record mitigates Makupson's culpability.  By all accounts, Makupson came from a good home with a supportive family. Despite his apparent marijuana and alcohol dependencies, Makupson made $700 per week as a property advisor before his arrest in this case.[20]  Makupson's lawful, profitable talents suggest Makupson's significant criminal history and serial recidivism were not borne of necessity.

*Penological Justifications & Avoiding Disparities.*  At Makupson's sentencing hearing, the Court decided that a 160-month sentence would be sufficient, but not greater than necessary, to deter any further criminal conduct by Makupson, justly punish Makupson's offense, and protect the public.[21]  The Court also noted that Makupson's sentence avoids unwarranted disparities.  One of Makupson's significantly-less-culpable codefendants received a 145-month sentence.  So, Makupson's 160-month sentence appropriately reflects Makupson's relative culpability.[22]

Altogether, the sentencing factors strongly counsel against any early release.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Makupson's motion to file a sealed § 2255 motion and **DENIES** Makupson's motion for compassionate release.

---

[19] Doc. 970 at 21–23 (PageID 6028–30).
[20] Doc. 453 at 34 (PageID 2244).
[21] Doc. 970 at 24–25 (PageID 6031–32)
[22] *Id.* at 25 (PageID 6032).

Case No. 1:14-cv-214-1
GWIN, J.

     IT IS SO ORDERED.


Dated: March 9, 2023               _s/     James S. Gwin_
                                           JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE